Filed 6/17/22  P. v. Welch CA2/7
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B300338 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A799639) |
| v. | |
| ANTHONY LEVELL WELCH, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Michael Garcia, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee,

Ryan M. Smith and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Anthony Levell Welch pleaded no contest to second degree murder in 1988.  In March 2019 Welch petitioned for resentencing pursuant to Penal Code section 1170.95.[1]  The superior court denied the petition without appointing counsel or holding an evidentiary hearing, finding Welch had been the shooter during the incident and thus failed to make a prima facie showing of eligibility for relief.

In our original opinion in this case, based on prior decisions from this and other courts of appeal, we rejected Welch's arguments regarding his right to the immediate appointment of counsel once a section 1170.95 petition had been filed.  Although expressing concern about the superior court's failure to articulate the reasons for its ruling, we concluded, following our review of the transcript of Welch's 1988 plea hearing, Welch was ineligible for resentencing as a matter of law and any error in the superior court was, therefore, harmless.

After granting Welch's petition for review, the Supreme Court transferred the case to us with directions to vacate our prior decision and reconsider Welch's appeal in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).  In supplemental briefing Welch, citing several recent court of appeal decisions involving section 1170.95 petitions for resentencing following guilty or no contest pleas to murder, argued his plea to second degree murder did not constitute an admission he had acted with express malice

_____

[1]     Statutory references are to this code.

2

during the events leading to the murder and, therefore, he was entitled to an evidentiary hearing to determine whether he was guilty of murder under California law as amended by the changes to sections 188 and 189 made effective January 1, 2019. For his part, without discussing those cases, the Attorney General in his supplemental brief essentially argued we had correctly determined Welch was ineligible for resentencing relief as a matter of law in our original opinion and, notwithstanding *Lewis*'s disagreement with our prior analysis of section 1170.95's procedural requirements, the superior court's failures to appoint counsel and to hold an evidentiary hearing before ruling were harmless error.

We do not fully agree with either party. Because the significance of Welch's conviction of second degree murder following the trial court's explanation of the crime is far from clear at this point, it is reasonably probable his petition would not have been summarily denied if he had been afforded assistance of counsel. Accordingly, we reverse the order denying Welch's petition and remand for the superior court to appoint counsel for Welch, direct the prosecutor to file a response to the petition, permit Welch to file a reply and hold a hearing to determine whether Welch has made a prima facie case for relief, as provided in section 1170.95, subdivision (c).

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Welch's No Contest Plea*

An information filed in 1987 charged Welch with first degree murder (§ 187) and attempted robbery (§§ 211, 664) with a special allegation he had used a firearm in committing the offenses. The police report attached to Welch's 2016 petition for writ of habeas corpus stated the victim, Jacques Armstrong, had

been shot through the open passenger window of his automobile by one of a group of men who had approached Armstrong after he and a friend left a local market, apparently as part of an attempted carjacking or robbery. Armstrong was identified by a witness at the scene as the shooter.

At a pretrial hearing on April 12, 1988 the parties indicated a disposition had been reached, and Welch pleaded no contest to second degree murder. As reflected in the reporter's transcript of that hearing, the trial court explained the People's theory of the case was that Welch shot the victim during the course of an attempted robbery, which would be first degree felony murder. The court continued, "Ordinarily second degree murder is not applicable to a felony murder-type situation. But second degree murder is simply an unlawful killing with what's called malice aforethought in this case, which is an intentional killing. Do you understand?" Welch responded, "Yes, sir." After describing the elements of the negotiated agreement, the court asked, "Do you wish to plead no contest to the charge of second degree murder on that basis?" Welch responded, "Yes."

Later during the hearing the court addressed defense counsel and the prosecutor and noted that, although felony murder did not require proof of malice, the information against Welch included an allegation of malice. The court then stated, "In this case the plea is to murder in the second degree which does involve malice aforethought. So I don't see any need to amend the information. Is the information acceptable to both counsel as it now reads?" Both Welch's counsel and the prosecutor answered, "Yes, your Honor."

The prosecutor then took Welch's plea of no contest to second degree murder,[2] entered pursuant to *People v. West* (1970) 3 Cal.3d 595. The court asked counsel, "Join in the plea and waivers and stipulate to a factual basis?" Both Welch's counsel and the prosecutor answered, "Yes, your Honor." The trial court then found, "Defendant's aware of the charge, the elements, the allegations, the consequences of his plea, that he's knowingly and intelligently waived his constitutional rights, freely and voluntarily entered into the plea and there is a factual basis." It further stated, "Court finds a factual basis based on the stipulation of counsel. Court is satisfied there is a factual basis based on the stipulation, which in turn is based on the facts set out on the record by the court. I'm also satisfied this is an appropriate *West*-type plea." The court accepted the plea.

Pursuant to the negotiated agreement the other charges and the enhancement allegation were dismissed. Welch was sentenced to an indeterminate state prison term of 15 years to life.

2. *Welch's Petition for Resentencing*

On March 7, 2019 Welch, representing himself, filed a petition for resentencing under section 1170.95 and checked boxes on the printed form petition to establish his eligibility for

---

[2] The prosecutor asked, "Anthony Levee Welch, how do you plead to count 1 in information number A799639, that on or about February 5th of 1987 in the County of Los Angeles you committed the crime of murder in the second degree, a violation of section 187 of the Penal Code, a felony, that you willfully and unlawfully, with malice aforethought, murdered Jack Armstrong, a human being? How do you wish to plead to that?" Welch responded, "No contest."

relief, including the boxes stating an information had been filed against him that allowed the prosecution to proceed on a theory of felony murder or murder under the natural and probable consequences doctrine and he had pleaded guilty or no contest to first or second degree murder because he believed he could have been convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine. Welch also checked boxes stating he was convicted of second degree murder under the natural and probable consequences doctrine or under the second degree felony-murder rule and could not now be convicted of murder because of changes to sections 188 and 189 made by Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437). In a section of the form applicable only to petitioners who had been convicted under the felony-murder rule, Welch checked boxes stating he was not the actual killer; he did not, with the intent to kill, aid or abet the actual killer; and he was not a major participant in the felony or did not act with reckless indifference to human life. Welch requested the court appoint counsel to assist him during the resentencing process.

The superior court denied Welch's petition for resentencing on July 5, 2019 outside the presence of Welch (for whom counsel had not been appointed), the prosecutor or a court reporter. The minute order stated, "The court has read and considered the petition for resentencing pursuant to Penal Code section 1170.95(A). [¶] Based on the evidence of the case, the court finds the petitioner was the shooter in the murder conviction; therefore, the petition is denied."

3. *Welch's Appeal, the Petition for Review and the Supreme Court's Transfer Order*

In an opinion filed November 19, 2020 we affirmed the order denying Welch's petition. We rejected Welch's argument he was entitled under section 1170.95 to appointment of counsel and an evidentiary hearing immediately after filing a facially sufficient petition, holding, as we had in a prior published decision, the superior court first had to determine as a preliminary matter whether he had made a prima facie showing of eligibility for relief. Then, noting the court had stated it reviewed "the evidence of the case" in concluding Welch was the actual shooter, we expressed concern that neither the court's order nor the record on appeal as provided by the parties indicated what documents had been reviewed or what information those documents contained. As such, we generally agreed with Welch's argument that, in the absence of anything in the record to establish his ineligibility for relief as a matter of law, his declaration he was not the actual killer constituted prima facie evidence of his eligibility for relief.

Nonetheless, although apparently not readily available to the parties (or to the superior court), Welch had provided a copy of the reporter's transcript of his 1988 plea hearing with a petition for writ of habeas corpus filed in this court in July 2016.[3]

_____

[3] On our own motion we augmented the record on appeal with the transcript (Cal. Rules of Court, rule 8.155(a)(1)(B)), provided the parties with copies of the petition and exhibits and invited supplemental briefing to address the significance of the plea hearing transcript. Welch's appointed counsel filed a supplemental letter brief, arguing the degree of Welch's involvement in the incident, including whether he was the actual shooter, was neither an adjudicated fact nor a fact that could be

Quoting portions of the colloquy set out in the preceding section of this opinion, we held the transcript established Welch was convicted pursuant to a negotiated plea agreement of committing second degree murder with malice aforethought, not felony murder or murder under a natural and probable consequences theory as required to be eligible for relief under section 1170.95.

The Supreme Court granted Welch's petition for review and deferred briefing pending its decision in *People v. Lewis*, S260598. On April 27, 2022, after deciding *Lewis*, *supra*, 11 Cal.5th 952, the Supreme Court transferred Welch's case to us with directions to vacate our prior decision and to reconsider the cause in light of *Lewis*.

In supplemental briefing the Attorney General acknowledged the superior court erred in denying Welch's petition at the prima facie stage without appointing counsel, but argued the error was harmless because the record of conviction established Welch was convicted pursuant to a negotiated plea agreement of committing second degree murder with malice aforethought, not felony murder or murder under the natural and probable consequences doctrine, as we had held in our original opinion.

In his supplemental brief Welch cited *People v. Rivera* (2021) 62 Cal.App.5th 217, *People v. Eynon* (2021) 68 Cal.App.5th 967, *People v. Davenport* (2021) 71 Cal.App.5th 476 and *People v. Flores* (2022) 76 Cal.App.5th 974, decided after our prior opinion in his case, all of which held a guilty or no contest plea to a charge of murder does not necessarily bar a petition under section 1170.95. (E.g., *Rivera*, at p. 234 ["[B]efore Senate Bill

---

deduced as a matter of law from the plea hearing transcript or any other part of the record of conviction.

No. 1437 malice could be imputed to a defendant under the felony-murder rule or the natural and probable consequences doctrine, meaning that the person did not need to harbor express or implied malice to be convicted of second degree murder. And given that the allegation that a murder was committed 'willfully, unlawfully, and with malice aforethought' is a generic charge permitting the prosecution to proceed on *any* theory of murder, we cannot conclude that by admitting to the murder as charged Rivera admitted that he acted with actual malice, not just that the element of malice was satisfied"]; *Davenport*, at p. 484 ["'[i]t is undisputed that a conviction of second degree murder does not, in and of itself, bar a petition under section 1170.95'"].) Emphasizing his plea had been entered pursuant to *People v. West*, Welch urged us to reconsider our prior analysis and conclude the plea only admitted the charged murder took place and Welch had committed an act with the necessary intent to render him liable for that murder under then-existing law, not that he admitted he had acted with express malice, precluding resentencing relief.

## DISCUSSION

1. *Senate Bill 1437 and the Section 1170.95 Petition Procedure*

Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e); see *Lewis, supra,* 11 Cal.5th at p. 957.) It also authorized, through new section 1170.95, an individual convicted

9

of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder because of Senate Bill 1437's changes to the definitions of the crime. (See *Lewis*, at p. 957; *Gentile*, at p. 843.) As amended by Senate Bill No. 775 (Stats. 2021, ch. 551, § 2), effective January 1, 2022, these ameliorative changes to the law now expressly apply to attempted murder and voluntary manslaughter.

As the Supreme Court held in *Lewis*, if the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief (§ 1170.95, subd. (b)(1)(A)), the court must appoint counsel to represent the petitioner, if requested (§ 1170.95, subd. (b)(3)),[4] and direct the prosecutor to file a response to the petition, permit the petitioner to file a reply and determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); see *Lewis*, *supra*, 11 Cal.5th at pp. 962-963.)

In determining whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) However, "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, the court takes petitioner's

---

[4] Prior to enactment of Senate Bill No. 775 the requirement to appoint counsel was set forth in subdivision (c) of section 1170.95.

10

factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause. . . . However, if the record, including the court's own documents, contain[s] facts refuting the allegations made in the petition, then the court is justified in making a credibility determination adverse to the petitioner." (*Id*. at pp. 970-971, internal quotation marks omitted.)

If the section 1170.95, subdivision (c), prima facie showing has been made, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder, attempted murder or manslaughter conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) At the hearing the prosecutor has the burden of proving, "beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (d)(3).) The court may consider evidence previously admitted at any prior hearing or trial "that is admissible under current law," including testimony and stipulated evidence. (*Ibid*.) The petitioner and the prosecutor may also offer new or additional evidence. (*Ibid*.)

2. *The Denial of the Petition Before Appointing Counsel and Providing an Opportunity for Briefing and a Hearing Was Not Harmless Error*

In *Lewis, supra*, 11 Cal.5th 952 the Supreme Court held, once a petitioner files a facially sufficient petition requesting counsel, the superior court must appoint counsel before performing any prima facie review under section 1170.95, subdivision (c). As the Attorney General concedes and contrary to the holding in our prior decision, because Welch checked all

11

the necessary boxes on his form petition, the superior court erred by denying his petition without first appointing counsel, authorizing briefing and holding a hearing to determine whether Welch had made a prima facie case for relief.

The *Lewis* Court also held a superior court's failure to appoint counsel to represent a petitioner when assessing whether he or she had made a prima facie showing of entitlement to relief pursuant to section 1170.95, subdivision (c), is state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, *supra*, 11 Cal.5th at pp. 957-958, 973-974.) More specifically, *Lewis* held, "a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Id.* at p. 974.) Welch has made that showing here.

As discussed, the factual allegations in Welch's petition, made under penalty of perjury, would entitle him to relief if proved true. (Cf. *People v. Gentile*, *supra*, 10 Cal.5th at p. 847 [section 1170.95 "expressly contemplates that defendants convicted of second degree murder can avail themselves of Senate Bill 1437's ameliorative provisions"].) The issue before us is whether those allegations are indisputably refuted by the record of conviction, including the transcript of the plea hearing, thereby conclusively establishing Welch is ineligible for resentencing relief.

As Welch argued in his supplemental briefing, a number of court of appeal decisions since our original opinion in this case have held a conviction for murder following a guilty or no contest plea does not inevitably preclude resentencing relief under

12

section 1170.95 because a plea is not necessarily an admission the crime was committed with actual malice. (E.g., *People v. Rivera, supra*, 62 Cal.App.5th at p. 224.) As the court explained in *People v. Flores, supra*, 76 Cal.App.5th at page 987, "In the plea context, a petitioner convicted of murder is ineligible for resentencing if the record establishes, as a matter of law, that (1) the complaint, information, or indictment did not allow the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice; (2) the petitioner was not convicted under such theory; or (3) the petitioner could presently be convicted of murder or attempted murder under the law as amended by Senate Bill No. 1437." Reversing the superior court's summary denial of the resentencing petition, the *Flores* court continued, "Here, petitioner pled no contest to second degree murder. [Citation.] Furthermore, the first amended information charged petitioner generically with murder, and did not specify or exclude any particular theory of murder. [Citation.] In entering his plea, petitioner did not admit to or stipulate to any particular theory of murder. Neither the charge nor the plea excludes petitioner from resentencing eligibility as a matter of law." (*Ibid.*)

Similarly, in *People v. Eynon, supra*, 68 Cal.App.5th 967, which involved a plea to first degree murder, the court explained a generic murder charge allowed the prosecution to proceed on any theory of liability, including natural and probable consequences or felony murder. "Accordingly, by pleading guilty and admitting that he did 'what Count 1 of th[e] Information says [he] did, when it says [he] did it,' Eynon did not admit that he acted with malice. Rather, he admitted that the charged murder

13

took place and that he committed an act with the necessary intent to render him liable for that murder under then-existing law.  Then-existing law did not require him to act with malice in order to be liable for murder, so his plea and factual admissions did not encompass an admission that he acted with malice." (*Id.* at pp. 977-978.)  Emphasizing the point, the court repeated the petitioner's admissions a deliberate and premeditated murder had been committed and he had acted with the necessary intent to incur liability for that murder, on some unspecified theory, did not constitute an admission "*he acted with* deliberation and premeditation, let alone that he acted with deliberate and premeditated intent to kill." (*Id.* at p. 978.)  Nor did the guilty plea and admission that Eynon committed first degree deliberate and premeditated murder exclude the possibility that his conviction was based on the natural and probable consequences doctrine.  (*Ibid.*)

Yet recent case law also recognizes that, "[i]n some cases, the record may reveal that the defendant admitted *more* than the elements of the offense charged, and some additional admissions may preclude relief under section 1170.95." (*People v. Rivera*, *supra*, 62 Cal.App.5th at p. 234.)  That may be the situation here.

Although the information charged murder in generic terms, as was true in the cases relied upon by Welch, the extended colloquy among the court, the prosecutor, Welch and Welch's counsel appeared not only to exclude the felony-murder rule as a theory for murder liability but also to define the basis for Welch's conviction of second degree murder as express malice murder.  Even accepting that reading of the plea hearing transcript, however, Welch's plea was entered pursuant to *People v. West*, *supra*, 3 Cal.3d 595, which he describes as allowing a defendant

14

to plead to a charge without admitting he or she committed the crime alleged. (See, e.g., *People v. Riddles* (2017) 9 Cal.App.5th 1248, 1250, fn. 1; *People v. Rauen* (2011) 201 Cal.App.4th 421, 424; cf. *In re Alvernaz* (1992) 2 Cal.4th 924, 932 [describing *People v. West* as involving "a plea of nolo contendere, not admitting a factual basis for the plea"].)[5]

Two slightly different, but equally important, questions are presented by the limited record before us. First, after stating he understood the nature of the second degree murder charge at issue, did Welch admit he acted with express malice by entering a no contest plea? (See *People v. French* (2008) 43 Cal.4th 36, 49 [plea of no contest admits the elements of the crime, but does not constitute an admission of any aggravating circumstances].) If he did, whether he was the actual shooter or a direct aider and abettor of the shooter, he is guilty of murder under current law (see *People v. Gentile, supra*, 10 Cal.5th at p. 848 ["Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought"]), and, as the Attorney General contends, ineligible for resentencing.

Second, even if Welch did not admit the elements of express malice murder, was he, in fact, convicted of that crime, which would make him ineligible for resentencing because it would mean he was not "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on the

---

[5] The court in *People v. Rauen, supra*, 201 Cal.App.4th at page 424, footnote 1, noted, "*West* did not actually involve a claim of innocence but addressed the validity of a plea to an uncharged lesser offense entered pursuant to a plea bargain."

15

person's participation in a crime," section 1170.95, subdivision (a)'s threshold requirement for resentencing relief? Or, notwithstanding the trial court's explanation of the offense, was it still possible that Welch's conviction was predicated on the natural and probable consequences doctrine, with the attempted robbery the target offense and murder the nontarget offense, unquestionably a viable theory in 1988 when Welch entered his plea? (See *People v. Eynon, supra*, 68 Cal.App.5th at p. 978 [petitioner's admission he had committed first degree deliberate and premeditated murder did not "exclude the possibility that his conviction was based on the natural and probable consequences doctrine"]; see generally *People v. Chiu* (2014) 59 Cal.4th 155, 166 ["punishment for second degree murder is commensurate with a defendant's culpability for aiding and abetting a target crime that would naturally, probably, and foreseeably result in a murder under the natural and probable consequences doctrine"].)

These issues—essential to a determination whether Welch made a prima facie showing he is entitled to relief—are properly addressed in the first instance by the superior court following a hearing, as mandated by section 1170.95, subdivision (c), once counsel is appointed for Welch, that counsel has a sufficient opportunity to gather and review materials constituting the record of conviction (most of which were not before the superior court when it made its initial ruling), and the matter has been briefed by appointed counsel and the prosecutor.

## DISPOSITION

The postjudgment order denying Welch's petition for resentencing is reversed, and the cause remanded with directions to appoint counsel for Welch and to proceed with briefing and a hearing to determine whether Welch has made a prima facie case for relief, as provided in section 1170.95, subdivision (c).


                                        PERLUSS, P. J.

    We concur:


    SEGAL, J.


    FEUER, J.

17